ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    E-Mail: jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-MJ-70942-MAG |
| Plaintiff, | **GOVERNMENT'S DETENTION MEMORANDUM** |
| v. | |
| DARRYL LAWRENCE, | |
| Defendant. | |

I.   **INTRODUCTION**

Defendant Darryl Lawrence is a felon—twice convicted of crimes involving firearms—who has spent the vast majority of the past 22 years in prison and is now charged with possessing a firearm as a felon.  In the instant case, Lawrence is accused of possessing a loaded AK-style pistol and narcotics apparently packaged for sale, while on Post Release Community Supervision for a 2023 conviction for being a felon in possession of a firearm after possessing an AR-style rifle and narcotics apparently packaged for sale while on parole for a prior conviction for (among other felonies) assault with a firearm.  Despite multiple firearms convictions and the restrictive conditions of his supervision, Lawrence continues to commit crimes and acquire firearms.  Lawrence's multiple convictions and the facts of the instant case leave no doubt that he has no intention of following any court orders and that he poses a serious danger to the community.  It is imperative that he remain detained pending trial.

II.  **BACKGROUND**

a.   **Lawrence, A Convicted Felon on Post Release Community Supervision for Felon in Possession of a Firearm, Possessed A Loaded AK-style Pistol in his Vehicle**

In the instant case, the United States charged Lawrence by complaint with a violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm.  On March 9, 2024, officers with the Oakland Housing Authority (OHA) responded to 6503 Fenham St., Oakland, CA following an anonymous report of multiple subjects using flashlights to look into vehicles in the parking lot.  As OHA officers arrived, multiple people fled the area.  Officers then canvassed the parking lot and observed a grey, two-door 2018 Dodge Challenger (hereafter the "Dodge Challenger") with its headlights illuminated.  Officers approached the vehicle and observed through the driver's side window an AK-style pistol resting on the driver's seat.

Officers ran a check on the vehicle and learned that it was registered to Darryl Lawrence and another woman, who was a known girlfriend of Lawrence.  While on scene, officers asked multiple people if they owned the vehicle.  While talking to people in the area, two males nearby asked the reporting officer about the vehicles they were investigating.  One of the males wore a dark blue hoodie with a white logo on the front, light colored jeans, and had long dreads style hair and a beard.

//

Officers searched the Dodge Challenger and located the following items inside the vehicle (see photograph below):

- One loaded "Mini Draco" AK-style pistol, with serial number 22PG-3649 (hereafter, the "Mini Draco");

- One unloaded drum-style magazine capable of holding approximately 50 rounds of ammunition;

- One "Weighmax" gold digital scale found in center console;

- Several custom plastic zip bags with lettering that read "3.5 grams;"

- Several razor blades inside of a clear plastic bag located in the side pockets of the light brown duffle bag;

- A small clear plastic bag that was tied in a knot containing suspected cocaine, located in the center console area;

- A small clear plastic zip bag that contained small blue pill of suspected oxycodone;

- A plastic bag containing large amount of suspected marijuana.



//

Upon identifying the registered owner of the 2018 Dodge Challenger as Lawrence, officers viewed Lawrence's DMV photo and recognized him as the male with the blue hoodie and dread locked hair with whom they had spoken while on scene on March 9, 2024.

Surveillance video captured the arrival of the Dodge Challenger in the parking lot at 6503 Fenham Street shortly before the arrival of the OHA officers. Only one person exited from the Dodge Challenger—specifically from the driver's seat of the car.

On March 11, 2024, Lawrence called OHA, identified himself as the owner Dodge Challenger, and reported the vehicle stolen. Lawrence agreed to visit the OHA station to report his vehicle stolen. Lawrence and a woman identified as his wife arrived at the station in a Nissan Pathfinder SUV. Lawrence was wearing a dark blue hooded sweatshirt with a white "Nike" logo on the front, which appeared consistent with the sweatshirt he wore on March 9 when the officers encountered him.

Lawrence was on state Post-Release Community Supervision with a search clause permitting warrantless searches of his vehicle. Officers searched the Nissan Pathfinder in which Lawrence had arrived and located one live FC 7.62x39 rifle round behind the driver side back seat area. This round was the same caliber as the ammunition found loaded into the Mini Draco on March 9, 2024.

DNA analysis was conducted comparing an oral swab reference from Lawrence with swabs from the Mini Draco's (1) grip and (2) safety and charging handle. For the swab taken from the Mini Draco's grip, the DNA result was interpreted as a mixture of four individuals and was suitable for comparison. The report indicated that the mixture was at least 120 octillion times more likely if it originated from Lawrence and three unknown and unrelated individuals than if it originated from four unknown, unrelated individuals. For the swab taken from the Mini Draco's safety and charging handle, the DNA result was also interpreted as a mixture of four individuals and was suitable for comparison. The report indicated that the mixture was at least nine octillion times more likely if it originated from Lawrence and three unknown and unrelated individuals than if it originated from four unknown, unrelated individuals. Each result provides very strong support for the proposition that Lawrence is a contributor to the mixture.

//

//

1
2

**b.      In 2023, Lawrence Pled Guilty to Felon in Possession of a Firearm After Possessing a Loaded AR-style Rifle and a Large Amount of Narcotics While on Parole**

3

4

5

6

7

8

9

10

On December 23, 2022, officers from the Fremont Police Department observed a Dodge Challenger (the same vehicle in which the Mini Draco was found in the instant case), which began to make maneuvers in an apparent attempt to evade the officers.  The driver of the Dodge Challenger eventually parked in an apartment complex's parking lot and fled the vehicle, leaving it running.  Underneath the vehicle, officers located a loaded AR-style short-barreled rifle.  Officers learned that the vehicle was registered to Lawrence, whom they located at his residence in the apartment complex.  Inside the residence (which was searched as permitted by the terms of Lawrence's parole), officers located a Kevlar ballistics vest and a pistol, which was found in a washing machine.

11

12

13

In the Dodge Challenger, officers located a large quantity of suspected cocaine base and marijuana, clear plastic bags, and a digital scale.  Lawrence pled guilty to a violation of Cal. Pen. Code § 29800(a)(1) (felon in possession of a firearm) and was sentenced to 16 months in prison.

14

15

**c.      Lawrence Spent Almost 20 Years in Prison After His Conviction for Assault with a Firearm, Shooting at an Inhabited Dwelling/Vehicle, and Attempt to Influence Testimony by Bribe**

16

17

18

19

20

In 2005, after being charged with attempted murder, Lawrence pled guilty to assault with a firearm on a person (and an enhancement for personal use of a firearm), shooting at an inhabited dwelling/vehicle, obstructing/resisting an executive officer, attempting to influence testimony by bribe, and soliciting specified criminal acts.  Lawrence was sentenced to almost 20 years in prison.  The government is not presently aware of the facts underlying the conviction.

21

## III.      LEGAL STANDARD

22

23

24

25

26

27

28

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a

1   flight risk need only be supported by a preponderance of the evidence.  *Id.*

2   "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

3   in § 3142(g)."  *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Those factors

4   are:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

5   defendant; (3) the history and characteristics of the defendant, including the defendant's character,

6   physical and mental condition, family and community ties, past conduct, history relating to drug or

7   alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as

8   whether the crime was committed while the defendant was on probation or parole; and (4) the nature and

9   seriousness of the danger to any person or to the community that would be posed by the defendant's

10  release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## IV.    LAWRENCE'S CONTINUOUS CRIMINAL CONDUCT PROVES THAT HE IS A DANGER TO THE COMMUNITY

The United States submits that no condition or combination of conditions will protect the public

should he be released from custody.

### a.    The Nature and Circumstances of the Offense Weigh in Favor of Detention

Lawrence's possession of a semi-automatic firearm with a large capacity magazine and narcotics

apparently packaged for sale—while on Post-Release Community Supervision for a firearms offense

which was committed while on parole for *another* offense involving shooting a firearm—makes clear

the danger he poses to the community.  Despite repeated arrests and convictions, Lawrence—who has a

known history of shooting a firearm at a person—continues to show that he is unwilling to stop

acquiring loaded, semiautomatic weapons and narcotics apparently packaged for sale, all while under

court-mandated supervision.

The nature and circumstances of the offense leave no doubt that, if released from custody,

Lawrence would continue to acquire semiautomatic firearms and narcotics.

### b.    Nature and Seriousness of the Danger to the Community

Lawrence's repeated conduct proves that, if released, he has no intention of following the law

and will acquire additional firearms.  And given his history of using firearms, his release could have

deadly consequences.  That Lawrence continues to commit these offenses and acquire firearms and

narcotics despite the supervision provided by parole or Post-Release Community Supervision, only further proves the danger he poses to the community.

### c.   The Weight of the Evidence Against Lawrence Is Overwhelming

The evidence against Lawrence is overwhelming.  The firearm and narcotics were found in his vehicle, while he was nearby.  He eventually lied to officers about the vehicle being stolen, and ammunition matching the ammunition found in the Mini Draco was located in another vehicle in which Lawrence was traveling.  DNA analysis indicated strong support that he had handled the firearm.

### d.   Lawrence's Criminal History and Prior Conduct—Including While on Parole and Post Release Community Supervision—Demonstrate the Danger He Poses

It is Lawrence's repeated criminal conduct that demonstrates the danger he poses to the community and proves that he has no intention of complying with any court orders.  Despite the restrictions of parole and probation, Lawrence—who has a history not only of possessing firearms, but actually shooting them at people—continues to commit crimes by repeatedly acquiring firearms and narcotics.  He is a danger to the public at large.

Finally, there is simply no viable place to which the defendant can be released.  Lawrence already lived in a residence that was approved by parole, and yet he has continued to commit crimes and violate the terms of his parole out of this same residence.

## V.   CONCLUSION

For the reasons set forth above, the defendant is a danger to the community.  The Court should therefore detain the defendant pending trial.

DATED:   July 1, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jonah P. Ross*
JONAH P. ROSS
Assistant United States Attorney